PER CURIAM:
The claimant, Michelle Lee Levero, seeks an award of $235.18 from the respondent, Division of Highways, for damage to her vehicle, a 1992 Geo Storm. The damage occurred on the evening of August 19, 1994, at approximately 9:00 p.m., when the claimant’s vehicle struck a hole in the pavement. At this time, the claimant was driving her vehicle between 45 to 50 miles per hour on Route 88 near West Liberty College in Ohio County. Driving conditions were clear and the vehicle’s headlights were on. The hole was located near the white line lane marker along the edge of the pavement surface. According to the claimant, she was unable to avoid the hole because of oncoming traffic.
As a result of the accident, the front and rear tires and wheels were damaged on the right *66 side of the claimant’s vehicle. In addition, after the new wheels and tires were installed, the vehicle required alignment. Several receipts were entered into evidence indicating the claimant incurred out-of-pocket expenses of $224.13 to repair her vehicle.
The record reveals that Route 88 is a heavily traveled two lane road. Joseph L. Reed, the Ohio County Maintenance supervisor for the respondent, testified that he had not received any complaints about the hole involved in this accident until August 24, 1995. However, Mr. Reed was aware that the pavement was exhibiting alligator cracking throughout the area where the accident occurred. After Mr. Reed examined photographs of the hole and the alligator cracks surrounding the hole, he concluded that the hole was caused by a base failure under the pavement surface.
The respondent has a duty to exercise reasonable care and diligence in maintaining roads under all circumstances. Hobbs v. Dept. of Highways, 13 Ct. Cl. 37 (1969). Although this duty does not make the respondent a guarantor of the safety of motorists, this duty does require the respondent to provide motorists with a reasonable safe road to travel under the existing circumstances.
The record in this claim indicates that the respondent was aware of the deteriorating pavement and the cause of the deterioration prior to the claimant’s accident. However, it is unclear why the respondent did not follow-up on this information or monitor the pavement condition more closely.
After a careful review of the evidence, the Court is of the opinion that the respondent was negligent in its maintenance of Route 88 at the time of the claimant’s accident. Therefore, the Court makes an award to the claimant in the amount of $224.13.
Award of $224.13.